UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHAWN ERIC SEIFERT, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 18-11600-MGM |
| WARDEN SPAULDING, | ) ) ) | |
| Respondent. | ) ) | |

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND SCREENING OF THE PETITION FOR A WRIT OF HABEAS CORPUS

ROBERTSON, U.S.M.J.

Now before the court is Petitioner's Petition for a Writ of Habeas Corpus (Dkt. No. 1) and renewed Motion for Leave to Proceed *in Forma* Pauperis (Dkt. No. 8). For the reasons stated below, the court (1) grants Petitioner's motion for leave to proceed *in forma pauperis*; and (2) recommends that the petition be denied and that this action be dismissed.

I.   Background

On August 10, 2018, *pro se* litigant Shawn Eric Seifert ("Petitioner"), who is incarcerated at FMC Devens, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He represents therein that he has served twelve years of a seventeen-year sentence.

Petitioner argues that he should be released from custody to obtain needed medical care that he is not receiving at FMC Devens. According to Petitioner, in the early 1980's, when he was a teenager, he was diagnosed with a "serious chronic neurological movement disorder" that causes him to "have involuntary shaking and tremors of [his] body and extremities." Pet. at 2. Petitioner represents that doctors employed by the Bureau of Prisons diagnosed him with the

same illness well before he arrived at FMC Devens in October 2017.  He states that the physicians at FMC Devens do not accept the diagnosis of Petitioner's previous doctors and that, as a result, he has "yet to receive proper if any medical care" at FMC Devens.  *Id.* at 4.  Petitioner alleges that he has exhausted his administrative remedies, but he characterizes the process as "nothing short of a blame game and shuffling of paper from one person to the next."  *Id.* at 5.  He asserts that his condition will worsen without treatment.  Petitioner asks that the court order his release so that he may "seek medical care not yet approved by the B.O.P."  *Id.*

The petition has not been served so that the Court may review the petition to determine whether the respondent should be required to reply to the petition.  *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).[1]

II.     Discussion

   A.     Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Petitioner's renewed motion for leave to proceed *in forma pauperis*, the Court concludes that he has adequately demonstrated that he is unable to pay the filing fee.  Accordingly, the motion is GRANTED.

   B.     Review of the Petition

The court will recommend that the petition be denied because the alleged misconduct of which Petitioner complains--failure to provide adequate medical treatment--is not the proper

---

[1] *See also* Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").  Rule 4 may be applied at the discretion of the district court to other habeas petitions.  *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases under Section 2254

subject of a petition for a writ of habeas corpus.  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [non-habeas action]." *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  Here, Petitioner does not challenge the validity of his conviction, sentence, or the calculation of his release date.   He challenges the legality of the conditions of his confinement, namely the adequacy of medical care.  A claim for inadequate medical care may only be pursued through a non-habeas action.[2]

The fact that Petitioner seeks release as a remedy to the alleged Eighth Amendment violations does not transform his claim into the proper subject of a habeas petition.  Even where a prisoner claims that his only hope of obtaining adequate medical treatment is through release, a court cannot order release as a remedy for conditions of confinement that violate the Eighth Amendment violation.  *See, e.g.*, *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) ("If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option."); *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) (even where a prisoner proves mistreatment in prison that amounts to cruel and unusual punishment, "relief of an Eighth Amendment violation does not include release from confinement").[3]

III.     Conclusion

Accordingly:

---

[2] Twelve days after commencing the present action, Petitioner filed a non-habeas action concerning allegedly inadequate medical care.  *See Seifert v. Yeh*, C.A. No. 18-11559-DLC (D. Mass.).

[3] The statutory provision permitting a prisoner release order to alleviate unconstitutional prison conditions caused by overcrowding, *see* 18 U.S.C. § 3626(a)(3); *Brown v. Plata*, 563 U.S. 493 545 (2011) (affirming prison release order), does not apply to this action.

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. The court recommends that the petition for a writ of habeas corpus be DENIED and that this action be DISMISSED.[4]

/s/ Katherine A. Robertson  
KATHERINE A. ROBERTSON  
United States Magistrate Judge

DATED: September 11, 2018

---

[4] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.