UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAWN ERIC SEIFERT,

    Petitioner,

v.

WARDEN SPAULDING,

    Respondent.

Civil Action No. 18-11600-MGM

MEMORANDUM AND ORDER RE: REPORT AND
RECOMMENDATION REGARDING PETITIONER'S
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND SUMMARY DISMISSAL
(Dkt. No. 8, 11)

February 11, 2019

MASTROIANNI, U.S.D.J.

Magistrate Judge Katherine A. Robertson has issued an order granting Petitioner's Motion for Leave to Proceed *In Forma Pauperis* but recommending that the petition be summarily dismissed. (Dkt. No. 11.) Judge Robertson concluded that "the alleged misconduct of which Petitioner complains—failure to provide adequate medical treatment—is not the proper subject of a petition for a writ of habeas corpus." (*Id.* at 2-3.) Rather, Judge Robertson explained, "[a] claim for inadequate medical care may only be pursued through a non-habeas action" and, in fact, Petitioner filed such a non-habeas action regarding this alleged inadequate medical care shortly after filing the present habeas action. (*Id.* at 3 & n.2.) That non-habeas action is still pending before Magistrate Judge Donald L Cabell. (*See Seifert v. Yeh*, Civil Action No. 18-11559-DLC.)

Petitioner filed an objection to the Report and Recommendation, arguing that the Supreme Court has never explicitly held that habeas actions may not be brought to challenge conditions of confinement. (Dkt. No. 15.) Although Plaintiff is correct in this regard, courts in this district "have consistently rejected habeas petitions challenging inadequate medical care." *Crooker v. Grondolsky*, 2012 WL 5416422, at *1 n. 1 (D. Mass. Nov. 1, 2012) (collecting cases). Moreover, courts in this district have explained, "[t]he fact that petitioner seeks 'relief of a transfer to another facility [i.e., his home] does not transform what is at heart a conditions-of-confinement [case].'" *McCaffery v. Winn*, 2005 WL 2994370, at *1 (D. Mass. Nov. 8, 2005) (quoting *Kamara v. Farquharson*, 2 F. Supp. 2d 81, 89 (D. Mass. 1997)). This court concludes that dismissal is especially appropriate where, as here, Petitioner has already brought a separate non-habeas action based on the same allegedly inadequate medical care.

Accordingly, based upon the thorough analysis presented in the Report and Recommendation, the court, upon *de novo* review, hereby ADOPTS the Report and Recommendation. (Dkt. No. 11.) Based upon this, the petition for writ of habeas corpus (Dkt. No. 1) is DENIED and this action is DISMISSED. This case may now be closed.

It is So Ordered.

   /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge